UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY ANN FOTI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUFFOLK UNIVERSITY,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Mary Ann Foti ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Suffolk University ("Suffolk" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself and her daughter, Anna Francesca Foti ("Anna"), which are based on personal knowledge.

**NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS**

1. This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at Suffolk, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees paid, without having their tuition and fees refunded to them.

2. Suffolk is the eighth largest university in the Boston metropolitan area (an area populated with numerous colleges and universities), with an enrollment of over 7,200 students. Suffolk offers bachelor's, master's degrees, and doctoral degrees.

3. In a March 11, 2020 Student Advisory ("the March 11 Student Advisory"), Suffolk announced, that "face-to-face courses will be moved to remote instruction starting next

Wednesday, March 18."[1]

4. In a March 11, 2020 Community Advisory, Suffolk announced the closing of campus residence halls, stating, that "[s]tudents are being asked to move out of residence halls by Tuesday March 17"[2]

5. The Suffolk Boston campus was officially closed at noon on March 24, 2020, as announced in a March 23, 2020 Student Advisory. Suffolk has not held any in-person classes since March 9, 2020, the last day before spring recess,[3] and no in-person classes were held during the remainder of the Spring 2020 semester, which ended on April 27, 2020.

6. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for. The online learning options being offered to Suffolk students are subpar in practically every aspect, including the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. The remote learning options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.

7. Nonetheless, Suffolk has not refunded any tuition or mandatory fees for the Spring 2020 semester and has stated that no refunds will be provided. The March 11 Student Advisory stated, "[b]ecause students will be receiving academic credit and grades for virtual

---

[1] https://www.suffolk.edu/student-life/health-wellness/coronavirus-health-advisory/suffolk-university-community-advisories
[2] *Id.*

A. [3] **Spring recess started on March 10, 2020 and ran through March 17, 2020 (it was extended by two days from the scheduled end date of March 15).**

2

classes and will have access to support and guidance from both faculty and staff, no refunds of tuition will be made."[4]

8. Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

9. Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided. Plaintiff seeks a return of these amounts on behalf of herself and the Class as defined below.

## PARTIES

10. Plaintiff is a citizen of Massachusetts who resides in Revere, Massachusetts. Plaintiff's daughter, Anna, is an undergraduate student at Suffolk in the College of Arts and Sciences, majoring in sociology with a minor in psychology. Anna was a junior at Suffolk during the 2019-2020 academic year. Her program of classes at Suffolk relies on in-person instruction and access to Suffolk's facilities. None of these resources are available to Anna while in-person classes are suspended. Plaintiff paid approximately $8,400 in tuition (after application of financial aid) and $145 in fees[5] to Defendant for Anna's Spring 2020 semester. Plaintiff has not been provided a refund of any tuition monies paid, despite the fact that in-person classes have not been held since March 9, 2020. Plaintiff has also not been provided a refund of any of the fees she paid.

---

[4] https://www.suffolk.edu/student-life/health-wellness/coronavirus-health-advisory/suffolk-university-community-advisories

[5] Plaintiff paid a $90 activity fee and a $55 technology fee.

3

11. Defendant Suffolk University is a private university with its principal place of business at 8 Ashburton Place, Boston, Massachusetts 02108.

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

13. This Court has personal jurisdiction over Defendant because it is headquartered in this District, and many of the acts and transactions giving rise to this action occurred in this District.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, because Plaintiff resides in this District, and because Defendant has its principal place of business in this District. Specifically, the contract that is the subject of this action was formed in this District.

## FACTUAL ALLEGATIONS

### *Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020*

15. Plaintiff and Class members are individuals who paid the cost of tuition and other fees for the Spring 2020 Semester at Suffolk.

16. Spring Semester 2020 classes at Suffolk began on or about January 13, 2020. Classes for the semester ended on or about April 27, 2020.

17. Plaintiff and Class members paid the cost of tuition for the Spring Semester 2020, and they also paid other fees associated with the Spring Semester 2020.

18. Spring 2020 undergraduate tuition at Northeastern is approximately $19,000 or $1,171 per credit, plus mandatory student activity and technology fees totaling $145. Graduate tuition varies by school and program:

- for the Sawyer Business School: most masters programs cost $22,875 per semester or $1,519 per credit; the executive MBA program costs $1,794 per credit; and the tuition for the Master of Health Care Administration and Master of Public Administration programs is $17,565 per semester or $1,171 per credit;

- for the College of Arts and Sciences: tuition for the Masters in Mental Health Counseling program is $16,455 or $1,097 per credit; tuition for all other masters programs is $15,288 per semester or $1,274 per credit; and for doctoral programs, the tuition is $1,539 per credit and $18,468 per semester for psychology and $13,851 for economics; and

- graduate fees include $105 per semester for technology and activity fees and a variety of course and program fees ranging from $75 to $330.

19. Full time Law school tuition at Suffolk is $24,705 per semester, or $1,674 per credit for the JD program; $2,087 per credit for the LLM post graduate program; $2,961 for the Legal English Institute program; and $2,087 per credit for the Doctor of Juridicial Science (SJD) program. The law school has mandatory fees of $117 for all programs, plus a mandatory bar preparation fee and an administrative fee of $2,087 for the SJD program.

20. The tuition and fees described above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

**_In Response To COVID-19, Suffolk Cancelled All In-Person Classes_**

21. On March 11, 2020, Suffolk announced that because of the global COVID-19 pandemic, beginning Wednesday, March 18, classes would be transitioned to remote instruction; all classes were held remotely for the remainder of the Spring 2020 semester.

22. Since March 9, 2020, Suffolk has not held any in-person classes. Students were asked to leave the residence halls by March 17, 2020. Classes that continued starting on March 18 have only been offered in an online format, with no in-person instruction.

23. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for. Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

24. Plaintiff and members of the Class did not choose to attend (or have their sons and daughters attend) an online institution of higher learning, but instead chose to attend (or have their sons and daughters attend) Defendant's institution and enroll on an in-person basis.

25. Defendant markets its on-campus experience as a benefit of enrollment on Suffolk's website, as indicated by the following statements:

- **Distinguished Faculty** provide individual attention to their students in small classes while encouraging open, independent thinking and an appreciation of diverse cultures, perspectives and peoples.[6]

- Students find many opportunities to combine their academic experience with hands-on experience through internships, service learning and a broad range of extracurricular activities[7]

- Days, nights and weekends—Suffolk students are part of an immersive living and

---

[6] https://www.suffolk.edu/cas/about/about-the-college. (bold in original).
[7] Id.

6

      learning experience in the heart of an international city[8]

- change your perspective and deepen your knowledge as you learn in our classrooms and at the city's top employers. A world of academic possibilities awaits at the College,[9] all just steps away from everything that makes Boston the ideal place to learn and live.[10]

- The Suffolk University campus is located right in the heart of downtown Boston and brings one-of-a-kind city experiences into the classroom.[11]

- Since 1906, Suffolk University has been woven into Boston's thriving urban landscape, offering a truly immersive environment in which to live, learn and explore. It's the ideal location for Suffolk to provide students with the keys to successful lives and careers; access, opportunity and experience.[12]

26.    The online learning options being offered to Suffolk students are subpar in practically every aspect and a shadow of what they once were, including the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

27.    The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for. The remote education being provided is not even remotely worth the amount charged Class members for Spring Semester 2020 tuition. The tuition and fees for in-person instruction at Suffolk are higher than tuition and fees for its online programs because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

---

[8] https://www.suffolk.edu/student-life.
[9] College of Arts and Sciences.
[10] https://www.suffolk.edu/cas.
[11] https://www.suffolk.edu/about
[12] https://www.suffolk.edu/about.

- Access to facilities such as libraries, laboratories, computer labs, and study rooms;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation;

- Networking and mentorship opportunities.

28.     The obvious deficiencies of remote instruction were acknowledged by Defendant in the March 11 Student Advisory:

> We realize that the co-curricular aspects of student life are critical to your development and we encourage you to maintain social media connections with each other during this time. Student organization meetings and other campus events may be suspended until further notice. Please check with your student leaders and others to determine if an event will be held as scheduled.[13]

29.     Through this lawsuit Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided. Plaintiff seeks return of these amounts on behalf of herself and the Class as defined below.

30.     Suffolk announced that for the 2020 fall semester, all classes will continue to be remote, with online instruction. However, Suffolk is not reducing or discounting its tuition for this online instruction and will continue to charge full tuition and student fees for the fall 2020

---

[13] https://www.suffolk.edu/student-life/health-wellness/coronavirus-health-advisory/suffolk-university-community-advisories.

semester.[14]

31. Accordingly, in addition to entitlement to pro-rated tuition and fee refunds for the 2020 spring semester, Plaintiff and Class members who paid tuition and fees for the 2020 fall semester are also entitled to pro-rated tuition and fee refunds for Fall 2020, to reflect the decreased value Class members are receiving with online education, instead of in-person instruction.

## CLASS ALLEGATIONS

32. Plaintiff seeks to represent a class defined as all people who paid Spring Semester 2020 tuition and/or fees to Suffolk for in-person educational services that Suffolk failed to provide, and whose tuition and fees have not been refunded (the "Class"). Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

33. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

34. **Numerosity.** The members of the Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are thousands of members in the

---

[14] https://www.suffolk.edu/about/directory/bursars-office/fall-2020-bursars-faq.

Class. Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the student records maintained by Defendant.

35. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

    (a)    whether Defendant accepted money from Class members in exchange for the promise to provide services;

    (b)    whether Defendant has provided the services for which Class members contracted;

    (c)    whether Class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide;

    (d)    whether Defendant has unlawfully converted money from Plaintiff and the Class; and

    (e)    whether Defendant is liable to Plaintiff and the Class for unjust enrichment.

36. **Typicality.** Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein. Further, there are no defenses available to Defendants that are unique to Plaintiff.

37. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in complex consumer

class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

38. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for the Class members on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

39. In the alternative, the Class may also be certified because:

   (a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

   (b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their

interests; and/or

(c)   Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### Breach Of Contract
### (On Behalf Of The Class)

40.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

41.   Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

42.   Through the admission agreement and payment of tuition and fees, Plaintiff and each member of the Class entered into a binding contract with Defendant.

43.   As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above. Plaintiff and the Class members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition. Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through April 2020. In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester. Even in the absence of an express contractual provision for in-person instruction, the bargain between Plaintiff and Class Members on the one hand and Defendant on the other hand was for such in-person services in exchange for payment of tuition and fees, as that was clearly the intent and understanding of the parties to the contract.

44.   Defendant has failed to provide the contracted for services and has otherwise not

performed under the contract as set forth above. Defendant has retained monies paid by Plaintiff and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

45. Plaintiff and members of the Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

46. As a direct and proximate result of Defendant's breach, Plaintiff and the Class are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver. Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Suffolk has not held in-person classes since March 9, 2020.

47. Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided. Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it has not provided.

## COUNT II
### Unjust Enrichment
### (On Behalf Of The Class)

48. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

49. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant; this claim is brought as an alternative to the breach of contract claim (Count

I).

50.     Plaintiff and members of the Class conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain services and promises. Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through April 2020. In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

51.     Defendant voluntarily accepted and retained this benefit by accepting payment, and Defendant had an appreciation or knowledge of such benefit being accepted and retained without having provided the corresponding services.

52.     Defendant has retained this benefit even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances. Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Suffolk has not held in-person classes since March 9, 2020.

53.     It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    (a)    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's counsel as Class Counsel to represent the Class;

    (b)    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)      For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)      For prejudgment interest on all amounts awarded;

(e)      For an order of restitution and all other forms of equitable monetary relief;

(f)      For injunctive relief as pleaded or as the Court may deem proper; and

(g)      For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: August 24, 2020          Respectfully submitted,

By:    */s/ David Pastor*
David Pastor (BBO# 391000)
**PASTOR LAW OFFICE, LLP**
63 Atlantic Avenue, 3d Floor
Boston, MA 02110
Telephone: (617) 742-9700
Facsimile: (617) 742-9701
Email: dpastor@pastorlawoffice.com

*Counsel for Plaintiff*